UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELITO MERCADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02596-JRS-MJD |
| | ) | |
| CITY OF COLUMBUS, KYLE WEAVER, | ) | |
| AARON GRAHAM, and JAMES | ) | |
| QUESENBERY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Motion for Summary Judgment**

## I.     Introduction

This is a civil rights case under 42 U.S.C. § 1983.  Mercado alleges that Columbus

police officers used excessive force when arresting him for disorderly conduct.  (Pl.'s

Am. Compl., ECF No. 29.)   He also brings claims of deliberate indifference,

retaliation, race discrimination, and violation of equal protection.

The entire incident is on video.

Defendants' Motion for Summary Judgment, (ECF No. 38), now before the Court,

introduces that video.  It shows Mercado's case to be a sham.

## II.     Legal Standard

The summary judgment standard is well established:

> Summary judgment is appropriate where the admissible evidence shows
> that "there is no genuine dispute as to any material fact and the movant
> is entitled to judgment as a matter of law." [*Makowski v.
> SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011)] (quoting Fed.
> R. Civ. P. 56(a)). "A genuine issue of material fact exists if 'the evidence
> is such that a reasonable jury could return a verdict for the nonmoving

party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)). "[S]peculation is not sufficient to survive summary judgment," *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1039 (7th Cir. 2016); "there must be evidence," *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505.

*Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court here construes facts "in the light most favorable to" the non-movant Mercado and draws "all reasonable inferences in [his] favor." *Id.* at 572 (citing *Makowski*, 662 F.3d at 822). But Mercado is "only entitled to the benefit of inferences supported by admissible evidence, not those 'supported by only speculation or conjecture.'" *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (quoting *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014)).

Mercado must "respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Id.* (citing *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008)).

## III.   State of the Evidence

Defendants' motion is well supported with citations to the evidentiary record. Defendants introduce affidavits from the arresting officers and body-cam footage of their interactions with Mercado. (ECF No. 40; ECF No. 43.) The affidavits accurately describe the events as recorded in the video.

Mercado introduces no evidence save a mostly clean bill of health from his post-arrest hospital discharge, (ECF No. 44-1), which shows him to suffer only "hip pain." Mercado's affidavit, (ECF No. 46), merely realleges his initial complaint.

2

Mercado's Statement of Material Facts in Dispute, (ECF No. 47), argues that the video evidence has been tampered with because it is presented in several segments and not as a single file. (Alternately Mercado argues that the video will support his version of the story.) Defendants in response provide an affidavit from Victoria Hickman in the police records department, (ECF No. 48-1), which avers that the video records are complete, and that the segmentation is a natural result of the officers' decisions to record only relevant interactions.

The Court accepts Hickman's explanation. To be clear, the segments are not mere seconds of out-of-context footage; they are forty minutes or more apiece and depict entire interactions; one segment from Officer Weaver's body cam runs continuously for the entire hour of the incident in question, from Mercado's first arrival on the scene until he is sent away by ambulance. The Court sees nothing fishy here. Mercado's allegation of tampering is wild surmise, unsupported by any reasonable view of the evidence. The Court need not credit it. *Grant*, 870 F.3d at 568.

## IV.   Facts

The Court summarizes from the affidavits and video evidence:

Two Columbus police officers were in a dark apartment parking lot explaining to Christina Ricks that her child had not been kidnapped under the (rather messy) family circumstances she describes. Mercado walks up. When he realizes that the police do not intend to go after the child, he gets agitated and starts cursing. (He has some relationship with Ricks and feels some responsibility for the child.) Soon he walks off down the parking lot. The officers let him go with a warning.

Then, after a renewed bout of screaming and cursing from Mercado, the officers go after him.  He waits, standing (and still cursing) while they walk up to him and put him in handcuffs.  The officers' demeanor remains calm and reasonable.  They use no force; Mercado does not resist the handcuffs.  The officers repeatedly urge him to calm down.

The officers walk with Mercado back up the parking lot to a marked police SUV. He is unresisting.   Mercado is getting in the back seat, still talking and still unresisting, when, suddenly, he throws himself on the ground and begins shouting and screaming about coronavirus, chest pain, being trapped beneath the car, and so forth.  He is obviously shamming (as, indeed, he would admit to officers hours later at the hospital).  The officers try to lift him back into the car.  He shouts more.  The officers give up on lifting him and call an ambulance.  EMS puts Mercado on a cot and loads him into the ambulance.  Mercado taunts the officers about the trouble he will cause them.

A few hours later, Mercado is back at his house, having been released from the hospital and from jail.  A police officer arrives to give Mercado a small black case that he apparently uses as a wallet, and which he had dropped during the arrest.  He is thankful for its return and says all its contents are there.   Mercado is calm, reasonable, somewhat apologetic, and in apparently good health; all seems forgiven and forgotten.

## V.     Discussion

There are no constitutional violations here.[1]

Mercado's excessive force claim under the Fourth Amendment to succeed requires an "unreasonable" use of force. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The uncontroverted evidence shows that the officers used no unreasonable force throughout the entire interaction—if, indeed, their contact with Mercado can be described as "force" at all. There was no manhandling, no blow struck, and no weapon discharged. The officers handcuffed Mercado and led him to a car. When he was on the ground they tried to lift him up. And that was all.

Mercado's deliberate indifference claim to succeed requires a "serious medical need." *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). The uncontroverted evidence shows that Mercado had no serious medical need: his collapse out of the police car was an obvious sham, and the hospital evaluated and discharged him as basically healthy within hours.

Mercado's retaliation, race discrimination, and equal protection claims require to succeed a showing that some "similarly situated" counterpart was not treated the same. *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). Here, Mercado shows no similarly situated counterpart. The uncontroverted evidence shows that he was the only one screaming and cursing in the parking lot that night. The officers reasonably could decide to arrest him for disorderly conduct, which they did. As for whether the officers would have decided not to arrest someone other than Mercado

---

[1] And, because there are no violations, the Court does not need separately to analyze the claims against each defendant.

who behaved like him, that is too speculative to survive summary judgment.  Mercado must give evidence.  *Anderson*, 477 U.S. at 252.  He gives none.

## VI.    Conclusion

The uncontroverted evidence shows that Mercado's allegations have no basis in fact.  This suit was exactly as Mercado threatened on the night of his arrest: frivolous and malicious.  It is now over.

Defendants' Motion for Summary Judgment, (ECF No. 38), is **granted.**  Mercado's claims are **dismissed with prejudice.**

This case is closed.  Final judgment shall issue separately.


**SO ORDERED.**


Date: 10/24/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana



Distribution by CM/ECF to registered counsel of record.

Distribution by U.S. Mail to:

> ANGELITO C. MERCADO
> BARTHOLOMEW COUNTY JAIL
> 543 2nd Street
> Columbus, IN 47201